## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH JAMENE MOORE, | : | CIVIL ACTION NO. 3:CV-17-0125 |
| | : | |
| Petitioner | : | (Judge Nealon) |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| Respondent | : | |

## **MEMORANDUM**

Before the court is a petition for a writ of habeas corpus (Doc. 1), filed

pursuant to 28 U.S.C. § 2241, by Petitioner, Joseph Jamene Moore, a Federal

Bureau of Prisons ("BOP") inmate currently incarcerated in the Allenwood Low

Security Federal Correctional Institution, White Deer, Pennsylvania.  A response

(Doc.8) and traverse (Doc. 10) having been filed, the petition is ripe for

consideration. For the reasons set forth below, the Court will dismiss the petition for

lack of jurisdiction.

## I.  **Background**

The following factual background has been extracted from the opinion of

the United States Court of Appeals for the Third Circuit, affirming Petitioner's

conviction and sentence. See United States v. Moore, 372 Fed. Appx. 269 (3d Cir.

2010).

The case arose from a reverse sting in which Jamel Easter attempted to purchase crack cocaine from an informant working with the FBI. Though Jamel Easter originally told the informant that he wanted to purchase 18 ounces of crack, he subsequently told the informant that he needed only nine ounces. After the informant notified the FBI of Jamel Easter's attempt to purchase the drug the government arranged a sting to ensnare him. Jamel Easter drove to the site for the delivery in Harrisburg, Pennsylvania, in an automobile in which he had three passengers, Carlton Easter, Moore, and another male who has not been apprehended but who has been identified as Victor Patterson.

The informant was waiting at the site and got into the automobile but Carlton Easter then observed law enforcement officers in the area that he believed were conducting surveillance. When he told the automobile's other occupants of his observations, Jamel Easter moved the automobile to another location. Then Carlton Easter gave the informant $6,000 in cash and said that the drugs were being purchased for him. After the informant with Moore's help counted the money, FBI and local officers attempted to arrest the automobile's occupants, but Jamel Easter initially frustrated that attempt by driving away. During the automobile flight Moore, who had possession of a .40 caliber Glock pistol, threw it to Jamel Easter who took control of it.

The automobile flight was not successful for as Jamel Easter drove away the automobile was damaged rendering it inoperable. Then Moore, Jamel Easter, and Patterson left the automobile and continued to flee. While fleeing Jamel Easter hid the pistol and bag that he was carrying in a ditch. When the automobile's other occupants fled, Carlton Easter, who had been disabled in an earlier incident, remained behind. The officers recovered the pistol and the bag that Jamel Easter had hidden which contained 83.7 grams of crack cocaine and a digital scale. The officers also searched Jamel Easter's automobile and found a bag in the back seat containing 4.7

grams of crack, a box of sandwich bags, and some marijuana. Though Patterson escaped, the pursuing officers arrested Jamel Easter and Moore who sought refuge in an abandoned house. Other officers arrested Carlton Easter.

Id.

On February 8, 2008, a jury convicted Moore in the U.S. District Court for the Middle District of Pennsylvania of possession with intent to distribute 50 grams and more of crack cocaine in violation of 21 U.S.C. §841(a) and criminal conspiracy to distribute 50 grams and more of cocaine base in violation of 21 U.S.C. §841(a). Id. After his conviction, Moore moved for a judgment of acquittal and a new trial on the grounds that the evidence was insufficient to support the verdict and the verdict was against the weight of the evidence. Id. The District Court denied the motions and sentenced Moore to consecutive custodial terms of 120 months on each count for a total of 240 months to be followed by five-year concurrent terms of supervised release. Id.

On March 25, 2010, the United States Court of Appeals for the Third Circuit affirmed Moore's conviction and sentence. Id. His petition for certiorari was denied by the Supreme Court. Moore v. United States, 582 U.S. 915 (2010).

On July 22, 2011, Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of counsel for counsel's failure to introduce a statement of Petitioner's co-defendant, which Petitioner claimed was exculpatory. See United States v. Moore, No. 1:cr-07-153-03 (M.D. Pa., Rambo, J.).

By Memorandum and Order dated October 27, 2011, Judge Rambo denied the motion, and by Order dated November 14, 2011, Judge Rambo declined to issue a certificate of appealability. Id.

On December 7, 2011, Petitioner appealed Judge Rambo's Memorandum and Orders to the United States Court of Appeals for the Third Circuit. Id.

On April 4, 2012, the Court of Appeals for the Third Circuit denied a certificate of appealability. See U.S. v. Moore, C.A. No. 11-4099 (3d Cir. April. 4, 2012).

On February 11, 2013, Petitioner filed a motion to vacate the order denying the section 2255 motion pursuant to Rule 60(b), Fed. R. Civ. P. See United States v. Moore, No. 1:cr-07-153-03 (M.D. Pa., Rambo, J.). By Order dated February 15, 2013, Judge Rambo denied the motion. Id.

On April 2, 2013, Petitioner filed another motion for relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, which was denied by Order dated April 3, 2013. Id.

On July 25, 2013, the Court of Appeals for the Third Circuit denied a certificate of appealability as to the District Court's ruling on the Rule 60(b) motion. See U.S. v. Moore, C.A. No. 13-2254 (3d Cir. July 25, 2013).

On January 23, 2017, Petitioner filed the above captioned habeas petition pursuant to 28 U.S.C. § 2241, challenging his conviction and sentence. (Doc. 1, petition).

## II. DISCUSSION

Federal prisoners seeking post-conviction relief from their judgment of conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. §2255. See 28 U.S.C. §2255(e). Section 2255(e) provides that:

> An application for a writ of habeas corpus [pursuant to §2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§2255], shall not be entertained if it appears that the applicant has failed to apply for relief by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. §2255(e). To that end, the Court of Appeals for the Third Circuit has observed that "[m]otions pursuant to 28 U.S.C. §2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir.2002) (citing Davis v. United States, 417 U.S. 333, 343, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974)). Section 2255(e) specifically prohibits federal courts from entertaining a federal prisoner's collateral challenge by an application for habeas corpus unless the court finds that a Section 2255 motion is inadequate or ineffective." Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.1997)). This safety valve language in Section 2255(e) has been strictly construed. See Application of Galante, 437 F.2d 1164, 1165–66 (3d Cir.1971) (concluding that unfavorable legal standards in circuit where sentencing court was located do not render Section 2255 remedy inadequate or ineffective); Millan–Diaz v. Parker, 444 F.2d 95, 97 (3d Cir.1971) (concluding that doubts about the administration of a Section 2255 motion in particular do not make the remedy inadequate or ineffective); United States ex rel. Leguillou v. Davis, 212 F.3d 681, 684 (3d Cir.1954) (holding that even if the sentencing court incorrectly disposes of

a proper motion under Section 2255, the appropriate remedy is an appeal of that decision and not a habeas corpus petition).

Importantly, Section 2255 is not inadequate or ineffective merely because the sentencing court has previously denied relief. Dorsainvil, 119 F.3d at 251. Nor do legislative limitations like statutes of limitation or gatekeeping provisions render the Section 2255 remedy inadequate or ineffective so as to authorize pursuit of a habeas petition in this court. See, e.g., Cradle v. United States, 290 F.3d 536, 539 (3d Cir.2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir.2000); Dorsainvil, 119 F.3d at 251. Rather, only when a prisoner is in the unusual position of having no earlier opportunity to challenge his conviction or "is being detained for conduct that has subsequently been rendered noncriminal by an intervening Supreme Court decision" is Section 2255 "ineffective" for purposes of providing collateral relief. Dorsainvil, 119 F.3d at 251–52.

The Petitioner, relying on the United States Supreme Court's holding in Rosemond v. United States, 134 S.Ct. 1240 (2014), claims that he is actually innocent of the offenses. (Doc. 1, petition).

In Rosemond, the Supreme Court addressed an accomplice jury instruction given in a §924(c) case. 134 S.Ct. at 1243. The Supreme Court held the instruction

was problematic because it failed to explain the defendant "needed advance knowledge of a firearm's presence" and therefore allowed for conviction even if the defendant "first learned of the gun when it was fired and ... took no further action to advance the crime." Id. at 1251–52. The court addressed what is necessary for aiding and abetting a §924(c) violation, and it focused on what "advanced knowledge" is necessary. Id. The Court stated that advanced knowledge is "knowledge at a time the accomplice can do something with it—most notably, opt to walk away." Id. at 1249–50.

The Court finds Rosemond not applicable to Petitioner's situation, as Petitioner was convicted of drug trafficking and conspiracy for the same, and was not convicted of a §924(c) offense. Moreover, courts have recognized that "the rule articulated in Rosemond does not apply retroactively to cases on collateral review. Branham v. Oddo, Civ. No. 1:16-cv-553, 2016 WL 2961387 *3 (M.D. Pa. May 23, 2016)(Jones, J.); Williams v. Spaulding, Civ. No. 3:15-cv-1992, 2015 WL 8332424 *3 (M.D. Pa. Dec. 9, 2015) (Munley, J.).

Petitioner is clearly challenging the validity of his conviction and sentence. He must do so by following the requirements of § 2255. As previously noted, Moore has filed a direct appeal and a several §2255 actions.

Moore's instant claim is not based upon a contention that his conduct is no longer criminal as a result of some change in the law. Nor has Petitioner shown that he was unable to present his claims via a §2255 proceeding. For a challenge to a federal conviction to be presented by a federal inmate by way of a § 2241 petition, there must not only be "a claim of actual innocence but a claim of actual innocence coupled with the inability to have brought the claim before because of a change in the construction of the criminal statute by a court having the last word on the proper construction of the statute, which change rendered what had been thought to be criminal within the ambit of the statute, no longer criminal." See Pollard v. Yost, No. 07-235, 2008 WL 4933599, at *6 (W.D. Pa. Nov. 18, 2008). Clearly, Petitioner's pending claim does not fall within the narrow Dorsainvil exception to the general rule that section 2255 provides the exclusive avenue by which a federal prisoner may mount a collateral challenge to his conviction or sentence. See Levan v. Sneizek, 325 Fed. Appx. 55, 57 (3d Cir. April 2009). As considered in Cradle, the fact that Petitioner's prior §2255 actions, were denied, does not warrant a determination that §2255 is inadequate or ineffective to challenge Petitioner's conviction and sentence.

Based upon Petitioner's failure to present this Court with any authority to support a determination that any federal Court has held that a <u>Rosemond</u> based claim may be pursued via a §2241 proceeding, it is apparent that habeas corpus review is not appropriate here. Accordingly, Moore's §2241 petition will be dismissed without prejudice. This dismissal does not preclude Petitioner from seeking authorization from the United States Court of Appeals for the Third Circuit to file a second or successive §2255 petition.  A separate Order will be issued.


Dated: January 24, 2018          <u>/s/ William J. Nealon</u>
                                   **United States District Judge**

# UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH JAMENE MOORE,         :     CIVIL ACTION NO. 3:CV-17-0125
:
         Petitioner          :     (Judge Nealon)
:
         v.                :
:
UNITED STATES OF AMERICA,    :
         Respondent       :

## ORDER

**AND NOW, THIS 24th DAY OF JANUARY, 2018**, for the reasons set

forth in the Memorandum of this date, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus (Doc. 1, petition) is **DISMISSED**, without prejudice, for lack of jurisdiction.

2. Petitioner's motion to supplement and leave to amend under 15(a), in which Petitioner seeks to raise additional challenges to his conviction and sentence, (Doc. 10) is **DENIED.**

3. The Clerk of Court is directed to **CLOSE** this case.

/s/ William J. Nealon
**United States District Judge**